United States District Court
Southern District of Texas
**ENTERED**
July 23, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CRAIG LACY, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. 25-151 |
| | § | |
| KUSA INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Craig Lacy sues his former employer, KUSA Inc., where he worked for less than two months before he was fired. He alleges that between November 2023 and January 2024, he participated in multiple rounds of interviews for a senior-level corporate position at KUSA. (Docket Entry No. 1-3). He alleges that during the recruitment process, KUSA misrepresented the terms of his employment, leading him to believe that he would be hired as a W-2 employee who was entitled to standard payroll practices, benefits, and protections. (*Id*. at ¶¶ 16–25). Lacy accepted the offer of employment in January 2024, with an agreed annual salary of $200,000. (*Id*. ¶ 27-28).

Lacy alleges that soon after he started working for KUSA on January 29, 2024, his supervisor, Stephen Powers, subjected him to a hostile and abusive working environment. (*Id*. at ¶¶ 31–41). According to Lacy, Powers repeatedly yelled at him and used profane and demeaning language; made physically intimidating gestures; and undermined him in front of other employees and contractors. (*Id*. at ¶ 41). Lacy alleges that this behavior occurred both in person and over electronic communications, including emails and Microsoft Teams messages. (*Id*.).

On February 13, 2024, Lacy made a formal complaint to KUSA's human resources department about Powers's conduct and "irregularities" in his onboarding process. (*Id*. at ¶¶ 48-

50).  Lacy complained that he had not been asked to complete a W-4 form, that no federal income taxes had been withheld from his paychecks, and that his vacation time had not been properly recorded or tracked.  (*Id*.).  Lacy alleges that these issues persisted despite his repeated efforts to get them resolved.  (*Id*. at ¶¶ 48–52).

Lacy alleges that KUSA told him that his payroll and benefits were administered by a professional employer organization.  (*Id*. at ¶¶ 50–52).  According to Lacy, KUSA did not name the organization, gave no details about its responsibilities, and did not address how the use of the organization affected his employment classification, payroll, taxes, or benefits eligibility.  (*Id*.). Lacy alleges that when he was recruited and began work, KUSA did not tell him that a third-party entity would be responsible for his payroll, benefits, or employment-related documentation.  Lacy alleges that he continued to contact KUSA's human resources department to clarify the situation and to follow up on his complaint about Powers, but that he received limited and unsatisfactory responses.  (*Id*. at ¶¶ 60–63).

On March 5, 2024, KUSA terminated Lacy's employment, citing performance deficiencies and missed meetings.  (*Id*. at ¶¶ 65–66).  Lacy disputes these reasons, alleging that his termination was in retaliation for his internal complaints about Powers's conduct and suspected legal violations related to payroll compliance and employment classification.  (*Id*. at ¶¶ 67–69).

Lacy also names Vensure HR Inc. as a defendant. (*Id*. at ¶ 3).  Lacy alleges that Vensure served as the professional employer organization responsible for administering KUSA's payroll and benefits and claims.  Lacy alleges that Vensure contributed to various legal violations he experienced during his employment.  (*Id*. at ¶¶ 3, 76).  Specifically, Lacy alleges that Vensure was responsible, at least in part, for the failure to collect tax documents, properly withhold taxes, and properly record vacation time, and that it played a role in misclassifying him as something other

2

than a W-2 employee.  (*Id*.).  Lacy asserts claims against KUSA and Vensure for wrongful termination, race and disability discrimination under state and federal law, and fraudulent inducement.  (Docket Entry No. 1-3 ¶ 6).

Vensure has moved to dismiss on the basis that Lacy's complaint fails to provide fair notice of his claims or to state any factual basis for relief against Vensure.  (Docket Entry No. 13).  Vensure argues that the complaint fails to allege a factual basis for relief against it, noting that the 23-page complaint mentions Vensure only twice.  (Docket Entry No. 13 at 2).  The complaint alleges that:

- "Defendant Vensure HR, Inc. is a Business Process Outsourcing company that provides HR and PEO solutions to businesses and it may receive service of process at 1475 S. Price Rd., Chandler, AZ 85286."
- "By December 12, 2024, after repeated attempts to obtain the correct service information for both Vensure and Karoon Energy USA Inc., the accurate details were finally provided in a letter from KUSA Inc. and an email from Vensure, confirming their correct service address."

(Docket Entry No. 1-3 ¶¶ 3, 19).

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility standard

3

is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks omitted, alterations adopted) (quoting *Twombly*, 550 U.S. at 558).

The court agrees that Lacy has failed to state a claim against Vensure. Lacy has not alleged that Vensure had any involvement in his termination, discriminated against him, or defrauded him in any way. His claims are properly asserted against KUSA, and not Vensure. Based on the pleadings, the motion, the record, and the applicable law, the court grants Vensure's motion to dismiss. (Docket Entry No. 13). The claims are dismissed, without prejudice and with leave to amend, subject to Rule 11 of the Federal Rules of Civil Procedure, no later than August 22, 2025.

SIGNED on July 23, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge